## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

GREAT WEST CASUALTY )
COMPANY, )
)
    Plaintiff, )
)
v. ) Case No. CIV-24-1122-G
)
CANNON BALL DIRECT, LLC et al., )
)
    Defendants. )

## ORDER

Now before the Court is a Motion to Dismiss or Stay (Doc. No. 39) filed by Defendants Cannon Ball Direct, LLC and Clayton S. Hays. Defendant Carla McDaniel, as Special Administrator of the Estate of Colter Vaught, has filed a Response (Doc. No. 42) agreeing with Defendant's Motion to the extent the request is consistent with Defendant McDaniel's own requests for relief. Plaintiff Great West Casualty Company has filed a Response (Doc. No. 46) in opposition.

A federal district court's "broad discretion to stay proceedings," *Clinton v. Jones*, 520 U.S. 681, 706 (1997), is inherent in its power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.*, 229 U.S. 248, 254 (1936). The party seeking a stay bears the burden of showing that there is a "pressing need for delay and that the other party will not suffer harm" as a result. *Nelson v. Granite State Ins. Co.*, No. CIV-08-1165-M, 2010 WL 680878, at *1 (W.D. Okla. Feb. 25, 2010).

On August 5, 2025, the Court ordered that this matter be stayed pending the disposition of criminal proceedings against Defendant Hays in state court. *See* Order of Aug. 5, 2025 (Doc. No. 36). After a Notice (Doc. No. 37) was filed representing that Defendant Hays had been found guilty of first-degree murder in *State v. Hays*, No. CF-2024-9 (Beckham Cnty. Dist. Ct.), the Court lifted the stay. *See* Order of Nov. 10, 2025 (Doc. No. 38).

Defendants' Motion to Dismiss or Stay states that Defendant Hays has now filed an appeal of his criminal conviction to the Oklahoma Court of Criminal Appeals. *See* Defs.' Mot. at 1-2. Defendants therefore renew their previous arguments and ask that this matter be stayed pending the disposition of Defendant Hays' state-court criminal appeal. *See id.* at 2-3. Plaintiff objects that a stay is unwarranted, *see* Pl.'s Resp.; Doc. No. 26.

Having considered the briefing and relevant authorities, the Court finds that staying this matter for a limited period is the most efficient course of action and will not be unduly prejudicial to any party, given the likelihood that the disposition of Defendant Hays' appeal of the conviction for the murder of Colter Vaught could materially affect the coverage disputes at issue in this case, as well as the Fifth Amendment concerns cited by Defendant Hays. *See* Defs.' Mot. at 1, 2-3; *Nelson*, 2010 WL 680878, at *1.

CONCLUSION

IT IS THEREFORE ORDERED:

(1) Defendants' Motion to Dismiss or Stay (Doc. No. 39) is GRANTED IN PART and DENIED IN PART:

    a.  This matter and all proceedings herein are STAYED, pending the disposition of Defendant Hays' criminal appeal in *Hays v. State*, No. F-2025-923 (Okla. Crim. App.), and further order of the Court; and

    b.  Defendants' request for dismissal is denied, without prejudice to being reurged as appropriate upon resumption of proceedings in this case.

(2) Defendants Cannon Ball and Hays are DIRECTED to notify the Court in writing of the Oklahoma Court of Criminal Appeals' disposition of Defendant Hays' appeal within fourteen (14) of the date of that disposition; and

(3) The remaining pending Motions (Doc. Nos. 40, 41) are DENIED AS MOOT, without prejudice to being reurged as appropriate upon resumption of proceedings in this case.

IT IS SO ORDERED this 27th day of July, 2026.

_____
CHARLES B. GOODWIN
United States District Judge

3